# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. MICKEY SOCRATES FERDYNAND®,<br><br>                Plaintiff,<br><br>  v.<br><br>TARGET CORPORATION, et al.,<br><br>              Defendants. | Case No. 21-cv-00203-BAS-MSB<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

Plaintiff Dr. Mickey Socrates Ferdynand® filed this action on February 3, 2021, against Target Corporation and the Department of Homeland Security. (Compl., ECF No. 1.) Plaintiff is proceeding without an attorney. Plaintiff has not paid the filing fee nor moved for leave to proceed *in forma pauperis*. The Court's mail sent to Plaintiff's address on file returned as undeliverable. (ECF Nos. 4–5.) The Court ordered Plaintiff to (1) file a correct address with the Court and (2) show cause as to why this action should not be dismissed for failure to pay the filing fee by April 21, 2021. (Order, ECF No. 6.) Plaintiff has not complied with the Court's Order.

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)); *accord Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962) (holding that courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). This inherent power exists independently of a district court's authority to dismiss an action under Federal Rule of Civil Procedure 41(b). *Link*, 370 U.S. at 630–32. "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

The circumstances in which a court may exercise its inherent power to dismiss an action include where a plaintiff has failed to prosecute the case, failed to comply with a court order, or engaged in judge shopping. *Link*, 370 U.S. at 630; *Yourish v. Cal. Amplifier*, 191 F.3d 983, 989–90 (9th Cir. 1999); *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). In determining whether to exercise this power, "the district court must weigh five factors including (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260–61 (quoting *Henderson*, 779 F.2d at 1424, and *Thompson*, 782 F.2d 829 at 831) (internal quotation marks omitted). Although it is preferred, the district court is not required to "make explicit findings in order to show that it has considered these factors." *Ferdik*, 963 F.3d at 1261.

Here, Plaintiff has failed to prosecute this case. He has not complied with the Court's order to show cause as to why this action should not be dismissed. Further, having weighed the appropriate factors, the Court concludes that dismissing this case is warranted. *See Ferdik*, 963 F.2d at 1260–61.

//
//

Accordingly, the Court **DISMISSES** this action **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED: April 22, 2021**

*Hon. Cynthia Bashant*
United States District Judge